IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUIL IP HOLDINGS LLC,<br><br>                     Plaintiff,<br><br>   v.<br><br>AKAMAI TECHNOLOGIES, INC.,<br><br>                     Defendant. | C.A. No. 22-677-RGA |
| AKAMAI TECHNOLOGIES, INC.<br><br>                     Plaintiff,<br><br>   v.<br><br>AUTOMATED MEDIA PROCESSING SOLUTIONS, INC.<br><br>                     Defendant. | C.A. No. 22-1531-RGA |

## SCHEDULING ORDER

This 3rd day of Feb., 2023, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the District of Delaware Default Standard for Discovery no later than March

6, 2023.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 11, 2023.

3. <u>Discovery</u>.

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before June 14, 2024.

b. <u>Document Production</u>. Document production shall be substantially complete by February 8, 2024.

c. <u>Requests for Admission</u>. Separately in each of the above-captioned cases, a maximum of 50 requests for admission are permitted for each side, with the exception of requests for admission solely to authenticate documents. Requests for admission to establish authenticity shall be designated as such and served separately from requests for admission subject to the 50-request maximum.

d. <u>Interrogatories</u>. Separately in each of the above-captioned cases, a maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. Separately in each of the above-captioned cases, each side is limited to a total of 70 hours of taking non-expert testimony by deposition upon oral examination, including Rule 30(b)(6) depositions and depositions of third parties. from no more than 12 witnesses.

ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree to negotiate in good faith regarding the location of depositions to minimize the inconvenience to the parties and the deponent(s).

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    g. <u>Miscellaneous Discovery Matters.</u>

      i.      The parties agree to the following deadlines for initial patent disclosures as set forth in the Delaware Default Standard for Discovery:

    a) Initial identification of accused products: March 6, 2023

    b) Core technical document production: April 5, 2023

    c) Initial infringement contention claim charts: May 5, 2023

    d) Initial invalidity contentions: June 5, 2023

    ii.    **Akamai Technologies, Inc. ("Akamai")'s Statement Regarding IPRs and Related Litigation:** On January 10, 2023, Akamai filed petitions for IPR challenging claims from each of the patents asserted by Equil IP Holdings LLC ("Equil"). *See* IPR2023-00329 (challenging U.S. Patent No. 6,792,575); IPR2023-00330 (challenging U.S. Patent No. 8,495,242); IPR2023-00332 (challenging U.S. Patent No. 9,158,745). Notices of Filing Dates Accorded were issued in each of these IPR proceedings on January 26, 2023. Patent Owner Preliminary Responses ("POPRs") are due within three months of that date. Institution Decisions are due within three months of the date the POPR is filed for that IPR. At this time, Akamai does not expect to institute any further litigation in this or other Districts within the next year with respect to Automated Media Processing Solutions, Inc. dba Equilibrium.

    iii.    **Equil IP Holdings LLC ("Equil")'s Statement Regarding IPRs and Related Litigation:** IPRs filed by Akamai raised certain inventorship issues, which may be addressable in the Patent and Trademark Office ("PTO"). If not addressed in the PTO, Equil anticipates filing a motion to correct inventorship under 35 U.S.C. § 256 as soon as practicable. At this time, Equil does not intend to file any additional related litigation in this or other District within the next year.

    iv.    **Automated Media Processing Solutions, Inc. dba Equilibrium**

**("Equilibrium")'s Statement Regarding IPRs and Related Litigation:** At this time, Equilibrium does not intend to file any IPRs or any additional related litigation in this or other Districts within the next year.

v. If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the license and/or settlement agreements to Defendants no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

**Akamai's Statement:** Akamai has complied with this requirement. Akamai shall be prepared to discuss at the conference its preliminary views of damages.

**Equil's Statement:** Equil has complied with this requirement. Equil shall be prepared to discuss at the conference its preliminary views of damages.

**Equilibrium's Statement:** Equilibrium has complied with this requirement. Equilibrium shall be prepared to discuss at the conference its preliminary views of damages.

4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than March 6, 2023. Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.  Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.  Claim Construction Issue Identification. On or before November 17, 2023, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On November 24, 2023, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer no later than December 8, 2023 to prepare a Joint Claim Construction Chart to be filed no later than December 15, 2023. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the

6

Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. Claim Construction Briefing[1]. With respect to each of the above-captioned cases, the Plaintiff[2] in that case shall serve, but not file, its opening brief, not to exceed 5,000 words, on January 12, 2024. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on February 2, 2024. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words on February 23, 2024. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on March 15, 2024. No later than March 20, 2024, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

A.  [TERM 1][3]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B.  [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on April 18, 2024, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10. <u>Disclosure of Expert Testimony</u>.

   a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

June 28, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 9, 2024. Reply expert reports from the party with the initial burden of proof are due on or before September 6, 2024. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before September 27, 2024.

      b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    11.    Case Dispositive Motions. All case dispositive motions shall be served and filed on or before November 7, 2024. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, separately in each of the above-captioned cases, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions. The answering briefs shall be due

9

on December 13, 2024 and the reply briefs shall be due on January 10, 2025.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On March 14, 2025, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Separately in each of the above-captioned cases, each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be

tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, separately for each of the above-captioned cases, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. The above-captioned cases shall be tried in a single jury trial.[4] This matter is scheduled for an eight (8) day[5] jury trial beginning at 9:30 a.m. on March 24, 2025, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

*[signature]*
United States District Judge

---

[4] Each party reserves the right to move to sever the trial should circumstances arise tending to indicate that a joint trial would be impractical or confusing to the jury. *The Court notes that it may do this sua sponte.*

[5] Five days (i.e. about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.